WILLIAM V. CONOVER ET AL. v. INHABITANTS OF THE TOWNSHIP OF MIDDLETOWN.

1. A judgment will not be reversed for an alleged error, referring to the conduct of the trial, not founded upon the precise exception shown by the bill.

2. Unless it appears by a bill of exceptions that the judge has refused to instruct the jury at all, upon the question raised, the bill should disclose what the charge was, not merely what it was not.

3. The sureties of a township collector are responsible for the moneys which are in his official possession or control at the time of the execution of their bond, or afterwards, during the current term, although collected before that date.

4. Inferences of fact from transactions of ambiguous character, must be drawn by the jury, not by the court.

In error to Monmouth Circuit.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiffs in error, *R. Allen, Jr.*

For the defendants in error, *J. S. Applegate.*

The opinion of the court was delivered by

DIXON, J. This was an action against the collector of the township of Middletown, in the county of Monmouth, and his sureties, on their bond, given October 5th, 1874, for the faithful performance, by the collector, of the duties enjoined on him as such officer. It comes before this court by writ of error to the Monmouth Circuit. The only matters, therefore, which can be considered here, are such questions of law as the assignments of error point to upon the face of the record.

The first assignment is for insufficiency of the declaration, and the fifth is the general assignment. Neither of these is adverted to in the brief of plaintiffs' counsel, and they have nothing to warrant them. They need not be further mentioned.

The other assignments of error relate to the evidence and charge of the court at the trial in the Circuit.

The evidence and charge at the trial constitute no part of the record, save as they are necessary to present the questions of law raised upon sealed bills of exceptions, and are, for that purpose, made part of the record by means of such bills. And it is well settled that no notice will be taken of any alleged error not founded on the precise exception shown by the bill. *Perth Amboy Mfg. Co.* v. *Condit et al.*, 1 *Zab.* 659.

It is therefore necessary to refer to the bill of exceptions for the support of these assignments of error.

There is but one such exception, and that relates wholly to the conduct of the judge.

The first ground of its complaint is that the judge "did not instruct the jury that the sureties or bondsmen of the bond of the year 1874 were not, in law, liable or chargeable for any of the moneys represented by the duplicate of the year 1873, or for moneys collected by A. B. Hallenbake, township collector, from the duplicate of the year 1873, or for any moneys that were received or collected prior to the date of said bond for the year 1874, and the plaintiffs should have proven, clearly and distinctly, what moneys were collected by him, and when, at what dates prior to the date of said bond of the year 1874."

To so much of this exception, it is objected by counsel for defendants in error, that it presents no question upon which this court can reverse the judgment, because it does not appear that the judge was requested to charge any of these propositions. This objection is sufficient. A bill of exceptions must show that the precise point of which a review is sought, was made by the counsel and presented to the mind of the court below. *Associates of Jersey Co.* v. *Davison,* 5 *Dutcher* 415.

And unless it appears that the judge has refused to instruct the jury at all, upon the question, the bill should disclose what the charge was, not merely what it was not, for it is misdirection, not non-direction, that is the proper subject of a bill of exceptions. *M'Alpine* v. *Mangnall,* 3 *M., G. & S.* 496; *Petre et al.* v. *State,* 6 *Vroom* 64.

But instructions, for the want of which plaintiffs in error complain, would not have been justified. The sureties of the collector, on this bond of October 5th, 1874, were responsible for all the moneys mentioned in the bill of exceptions, so far as, at the time of the execution of the bond, or afterwards, during the current term, they were in the possession or control of that officer. To what sums this legal liability

extended, was a question of fact upon the proofs. Whether they were received before or after the giving of the bond, or how clear was the proof concerning them, was not legally important, if a preponderance of evidence showed that they were within the officer's custody, during the period covered by the obligation. These absolute instructions were therefore properly not given.

The rest of the bill complains that the court submitted the "liability of the defendants below as a question of fact to be determined by the jury, instead of declaring the same to be a conclusion of law."

In this, also, the court did right. The liability of the defendants depended upon the state of official funds in the possession or control of the collector at or after the execution of the bond, This, the judge, in his charge, sufficiently indicated, by saying that "the sureties for a defaulting person are not liable beyond the time for which they were bound, and are not liable for any delinquencies which occurred before their time, but they are chargeable for all losses occurring within the time for which they are bound by their obligation." What the delinquencies chargeable to these bondsmen were, was a matter mainly of inference from transactions of ambiguous character, and it clearly belonged to the province of the jury to determine the real nature of these transactions, and the conclusion to which they should lead." *Patterson* ads. *Inhabitants, &c.,* 9 *Vroom* 255.

Upon the soundness of the decision of the jury, we are not at liberty to pass.

There is no error of law, and the judgment should be affirmed, with costs.